AUGUST SPIER, APPELLANT, V. CHARLES A. SCHAPPEL, ADMINISTRATOR, ET AL., APPELLEES.

FILED MARCH 28, 1910.   No. 15,945.

Specific Performance: EVIDENCE: REVIEW. In an action for the specific performance of a contract for the sale of real estate, it was shown that the contract between the owner of the land and plaintiff (his brother) was made December 31, 1902, and that the owner died July 10, 1907, no tender of the unpaid portion of the purchase price, nor demand for a conveyance, having been made during the lifetime of the owner; that, during the time, plaintiff rented the land of the owner, paying rent therefor, the owner retaining dominion and possession during said time; and there was satisfactory proof that the contract was upon a condition, and upon the failure of the condition the contract was abandoned. *Held*, That the decree of the district court refusing specific performance in a suit by the purchaser against the heir of the deceased, who is the mother of both, is sustained.

APPEAL from the district court for Pawnee county: JOHN B. RAPER, JUDGE. *Affirmed.*

*Story & Story,* for appellant.

*Dort & Dort, contra.*

REESE, C. J.

This is an action for the specific performance of a contract for the sale of the east half of the southeast quarter of section 34 and the southwest quarter of the southwest quarter of section 35, all in township 3 north, of range 10 east, in Pawnee county, Nebraska. The suit is founded upon a written memorandum of contract which is as follows: "$900. Dec. 31, 1902. Received of August Spier, the sum of nine hundred dollars, the same being part payment on purchase of land, the E. $\frac{1}{2}$ of S. E. $\frac{1}{4}$ of sec. 34; and the S. W. $\frac{1}{4}$ of S. W. $\frac{1}{4}$, sec. 35-3-10, Pawnee Co., Neb., purchase at price of $6,000. Herman Spier." Plaintiff and Herman Spier were brothers.

Herman died July 10, 1907, unmarried. Their father had died, probably prior to the date of the contract, at any rate he was deceased at the time of Herman's death, and Sophia Spier, the mother of Herman and plaintiff, inherited the land. Defendant Schappel is the administrator of Herman's estate and is made a party to the suit. The petition was filed and the suit commenced on the 16th of January, 1908. The trial resulted in a finding and decree in favor of defendants, and plaintiff appeals to this court.

There appears to be no question as to the execution and delivery of the contract above set out and that at that time Herman was the owner of the land in controversy. The trial court so found. The court also found specially that "at the time of the death of said Herman Spier, plaintiff had not received the conveyance of said real estate; and further finds that he is not entitled to receive such conveyance because he has never made tender of the amount of the purchase price, and because of his laches in delay of more than five years in bringing this action." It is not thought that the specific performance was refused because of the lapse of time alone, but that, under the circumstances, plaintiff had slept upon his rights during the time intervening between the making of the contract and the death of Herman. There was evidence at the trial that the sale had been abandoned as having been made to depend upon the condition that Herman could purchase another tract of land which he failed to procure, and that, for that reason, the contract was allowed to terminate. It was shown that Herman Spier had retained the possession of the land until his death; that during that time plaintiff had rented portions of it for different years, paying the customary rent therefor; that he had not had the $5,100 with which to pay the purchase price, nor had he ever made any tender thereof to Herman or demanded a deed, nor had he made a tender of the money to defendants, nor was the money tendered on the trial. The most that can be said in favor

of plaintiff as to the time of payment would be that the $5,100 should be paid within a reasonable time after the purchase, as it was to all intents and purposes a cash sale. As actions for the specific performance of a sale of real estate are not in all cases subject to absolute rules, but are to be enforced or not within the sound discretion of the court, we are not inclined to disturb the findings and decree of the district court. This applies with the greater force since it is shown by the evidence that at the time of the date of the contract the land was worth $6,000, and at the time of the commencement of the suit it had increased in value to $8,400, without any tender of the price or demand for a deed during the life of Herman.

In addition to the prayer in the petition for specific performance, there was a prayer for "such other and further relief as justice and equity may require." The district court found that the $900 had been paid by plaintiff at the time of the signing of the contract, and that plaintiff was entitled to a return of the money with interest, amounting to $1,140.28, and rendered judgment against defendants therefor. This part of the decree is not objected to, and, as it is within the issues and has direct reference to the transaction upon which the suit is founded, and restores plaintiff what he has paid out, under the well-known rule that where a court of equity has obtained jurisdiction of a cause and of the parties it will retain such jurisdiction and do equity and justice between the litigants, it strikes the conscience as an equitable adjustment of the rights of the parties and is approved. *Johnson v. Carter*, 120 N. W. (Ia.) 320.

The decree of the district court is

AFFIRMED.

LETTON, J., not sitting.